THIRD DEPARTMENT, MARCH, 1948.

(March 24, 1948.)

In the Matter of GRANDVIEW DAIRY, INC., Petitioner, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Respondent.

MEMORANDUM BY THE COURT. Review by petitioner of a determination made by the Commissioner of Agriculture and Markets under article 78 of the Civil Practice Act denying its application to build an additional plant at Dundee, New York.

Petitioner already has in operation five milk plants in this State. Its application for a further extension to a sixth area was denied on the ground that the commissioner is not satisfied that the granting of such permission would not tend to a destructive competition in a market already adequately served or that it would be in the public interest.

Determination confirmed, with $50 costs and disbursements.

HILL, P. J. (dissenting). Petitioner sought leave to erect, equip and operate a milk receiving plant at Dundee, New York. The application was denied by the commissioner; the findings of fact contained this conclusion: " The Commissioner is not satisfied that the erection and operation of a new milk plant at Dundee would not tend to a destructive competition or that it would be in the public interest." There is no suggestion that the granting of the application would oversupply customers in the city of New York served by petitioner. The whole theory of the decision is that it would create competition among the buyers of milk in Yates County. The Mayor of Dundee, the Senator from that district and other citizens recite and testify to the need for this additional market for milk producers in the area. The milk marketing law was enacted following an investigation by a legislative committee concerning " the cause of the decline of the price of milk to the producers and the resultant effect of the low prices upon the dairy industry ". The Legislature was interested in the welfare of milk producers rather than milk dealers. The commissioner's efforts under the statute should be directed to the end that the producers' market be increased and not curtailed and limited.

The determination should be annulled, with costs.

Heffernan, Foster, Russell and Deyo, JJ., concur in Memorandum by the Court; Hill, P. J., dissents in a memorandum.

Determination confirmed, with $50 costs and disbursements.